UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE DEVINGTON CONDOMINIUM ASSOCIATION a/k/a THE DEVINGTON HOMEOWNER'S ASSOCIATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEADFAST INSURANCE COMPANY, a Delaware corporation; and AMERICAN SAFETY RISK RETENTION GROUP, INC., a Vermont corporation,<br><br>Defendants. | No. CV06-1213 MJP<br><br>ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT RE: INTERPRETATION OF EIFS ENDORSEMENT |

This matter comes before the Court on Plaintiff Devington Condominium Association, a/k/a Devington Homeowner's Association ("Devington") and Defendant Steadfast Insurance Company's ("Steadfast") cross-motions for summary judgment. Having reviewed the papers and pleadings submitted by the parties, the Court GRANTS Steadfast's motion, and further ORDERS that all of Plaintiff's claims against Steadfast are dismissed with prejudice.

The reasons for the Court's order are set forth below.

ORDER - 1

**Background**

On June 1, 1998, Plaintiff contracted with Reed Construction, Inc., ("Reed") to perform renovations to the Devington condominium complex, including replacing the existing exterior siding with an exterior insulation and finish system ("EIFS"). (Stipulation at 2). Reed subcontracted the EIFS work to Baker Plastering, Inc. ("Baker"). (Id.). On October 18, 2004, Plaintiff filed suit against Reed and Baker for water intrusion and other property damage resulting from defective installation of the EIFS. (Soha Decl., Ex. 1). Reed tendered defense of the lawsuit to its liability insurer, Defendant Steadfast. (Compl. at ¶ 10). Steadfast denied the claim and refused to defend, stating that the insurance did not cover damage arising out of EIFS-related work. (Id.). Thereafter, Reed settled Plaintiff's claims, stipulating to judgment in the amount of $1,375,000.00. (Stipulation, Ex. A). As part of the settlement, Reed executed an assignment of its rights against Steadfast in favor of Plaintiff. (Compl., Ex. B). On August 22, 2006, Plaintiff filed suit against Steadfast, claiming coverage for damage that resulted from the defective EIFS installation. (Compl.).

**Analysis**

This matter concerns the interpretation of an insurance policy. When resolving issues involving the interpretation of an insurance contract, summary judgment is appropriate unless the relevant terms of the contract are ambiguous, and to clarify the ambiguity, the parties introduce conflicting evidence. See Nat'l Gen. Ins. Co. v. Sherouse, 76 Wn. App. 159, 162, 882 P.2d 1207 (1995). If a contract provision is susceptible to at least two different reasonable interpretations, the provision is ambiguous. See Weyerhaeuser Co. v. Aetna Cas. & Sur. Co., 123 Wn.2d 891, 897, 874 P.2d 142 (1994). If an unresolved ambiguity exists, the court must construe it in favor of the insured. Id. However, determining whether an insurance contract is ambiguous is a question of law to be resolved by the court. See id. If the court finds that the contract is unambiguous, it must enforce it as written. See State Farm Mut. Auto. Ins. Co. v. Ruiz, 134 Wn.2d 713, 721, 952 P.2d 157 (1998).

ORDER - 2

1   The parties' dispute arises out of their different interpretations of the Steadfast insurance
2 policy issued to Reed. At issue is a discrepancy in the language used in an exclusion in the body of the
3 policy (the "'your work' exclusion") and an endorsement to the policy excluding coverage for damage
4 arising out of EIFS-related work (the "EIFS endorsement"). The "your work" exclusion has an
5 exception for work performed by subcontractors (the "subcontractor exception") while the
6 endorsement has no such exception. The parties seek a determination as to whether the EIFS
7 endorsement applies to work performed by subcontractors. The "your work" exclusion in the body of
8 the policy provides as follows:

> 2. Exclusions
>    This insurance does not apply to:
>    l. Damages to your work
>       "Property Damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
>       This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

The body of the policy defines "your work" as:

> "Your work" means:
> a. Work or operations performed by you or on your behalf; and
> b. Materials, parts or equipment furnished in connection with such work or operations.
>
> "Your work" includes:
> c. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
> d. The providing of or failure to provide warnings or instructions in connection with such goods or products.

The endorsement to the policy provides as follows:

> Designated Work - EIFS Exclusion
> THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY
>
> This endorsement modifies insurance provided under the:
> Commercial General Liability Coverage Part
> Products-Completed Operations Liability Coverage Part
>
> Schedule
> Description of Your work:

ORDER - 3

1.    The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement of an "exterior insulation and finish system" (commonly referred to as synthetic stucco) or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulkings or sealants in connection with such a system.
2.    Any work or operations with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used on any part of that structure.

This exclusion applies to "your work" described in Paragraph 1. or Paragraph 2. above performed by you or on your behalf.

. . .

This insurance does not apply to "damages" arising out of "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

(Stipulation, Ex. B, at 3-6).

       Plaintiff argues that the insurance policy is ambiguous because it is unclear whether the EIFS endorsement should be limited by the subcontractor exception in the "your work" exclusion. Plaintiff relies on a Washington State Supreme Court decision for the proposition that endorsements must be read together with the policy to determine the intent of the parties. Transcontinental Ins. Co. v. Wash. Pub. Util. Dists. Util. Sys., 111 Wn.2d 452, 462, 760 P.2d 337 (1988). However, the endorsement is titled "EIFS Exclusion," and explicitly states that it modifies the insurance policy. Under Washington law, each exclusion must be read with the insuring agreement, independent of each other exclusion. Harrison Plumbing & Heating, Inc., v. N.H. Ins. Group, 37 Wn. App. 621, 627, 681 P.2d 875 (1984). Because this case involves the interpretation of two conflicting exclusions, Harrison Plumbing is the controlling authority. Therefore, because the EIFS endorsement is a separate exclusion, it should not be harmonized with the "your work" exclusion in the body of the policy.

       Furthermore, the EIFS endorsement excludes coverage for damage to a building's exterior when EIFS related work is done "by you or on your behalf." (Stipulation, Ex. B, at 6). The inclusion of the phrase "on your behalf" in the endorsement necessarily extends the exclusion to work performed by subcontractors. See Collette v. Ins. Co. of the W., 75 Cal. Rptr. 2d 165, 167 (Cal. App.

ORDER - 4

1998) (holding that the phrase "on your behalf" found in an exclusion meant that the insured was not entitled to coverage for damage caused by a subcontractor's work). For example, the policy's definition of "your work" also uses the phrase "on your behalf." Therefore, "on your behalf" must include work performed by subcontractors, otherwise the "your work" exclusion would not need a subcontractor exception. In addition, the broad language of the EIFS endorsement suggests that the exclusion was meant to exclude any EIFS work from coverage, regardless of the party performing the work. Accordingly, the plain language of the EIFS endorsement excludes work performed by subcontractors from coverage.

However, Plaintiff also argues that contract is ambiguous because the endorsement and the general policy exclusion both use the term "your work," and therefore it is unclear whether the conflicting provisions are separate exclusions or whether the endorsement merely modifies the definition of "your work." In support of this interpretation, Plaintiff cites Hoflin v. Maryland Casualty Co., No. C04-1464 (W.D. Wash. Mar. 10, 2005). In Hoflin, the court addressed nearly identical policy language and concluded that the use of the term "your work" in both provisions created an ambiguity. Id. at 5. Interpreting the policy as an average insurance purchaser, the court held that it was unclear whether the endorsement was an independent exclusion or whether it was instead meant to expand the definition of "your work" under the policy's general "your work" exclusion. Id.

This Court is not bound by the Hoflin decision, and the Court disagrees with its analysis. The Hoflin court did not apply the holding of Harrison Plumbing when it determined that the endorsement should be read with the policy instead of independent from the other policy exclusions. In a footnote, the Hoflin court distinguished Harrison Plumbing on the grounds that Harrison Plumbing involved a conflict between two endorsements to a policy. Id. at 4 n.1. But Harrison Plumbing did not involve two conflicting endorsements; it involved an endorsement and a general policy exclusion. Harrison Plumbing, 37 Wn. App. at 625-27. The present case involves a similar conflict between an endorsement and a general policy exclusion.

ORDER - 5

1    In addition, nothing in Harrison Plumbing suggests that exclusions may be read together when they use similar language or apply to related subject matter. That case clearly and unequivocally requires that all exclusions must be read independently from all other exclusions. See Harrison Plumbing, 37 Wn. App. at 627. Accordingly, the Court will apply Harrison Plumbing and read the endorsement separately from the general policy exclusion.

**Conclusion**

The Court must read each policy exclusion independently from all other exclusions. Therefore, the terms of the insurance agreement are unambiguous and Plaintiff is not entitled to coverage for EIFS work performed by subcontractors. Accordingly, the Court GRANTS Steadfast's motion for summary judgment. Because all of Plaintiff's claims are predicated on coverage for EIFS work performed by subcontractors, the Court further ORDERS that all of Plaintiff's claims against Steadfast are dismissed with prejudice.

The Clerk is directed to send copies of this order to all counsel of record.

Dated:   March 5, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 6